28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben C. ALDAPE, Defendant-Appellant.
 No. 93-3229.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Defendant Ruben C. Aldape appeals his conviction for knowingly and intentionally transferring or possessing a machine gun, 18 U.S.C. 922(o)(1), (2), 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Defendant's sole issue on appeal is whether the district court erred in failing to grant a mistrial based on prosecutorial misconduct. During closing argument the prosecutor stated that Defendant knew "that he could pacify someone looking for firearms by the offer of a marijuana cigarette or offer of marijuana in bulk to purchase." The evidence at trial supported the comment insofar as it referred to a marijuana cigarette; however, no evidence was presented concerning an ability or inclination on the part of Defendant to sell marijuana in bulk. Defendant objected to the statements at the end of the prosecutor's comments. Although the district court expressed "concern" over the matter, it denied Defendant's motion.
 
 
 3
 We apply a two-step analysis in reviewing a claim of prosecutorial misconduct. United States v. Lonedog, 929 F.2d 568, 572 (10th Cir.), cert. denied, 112 S.Ct. 164 (1991). First, we determine whether the conduct was improper, and, if so, we must then determine whether it warrants reversal. Id. In determining whether error is harmless we consider "the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case as a whole." Id. (citations omitted). Misconduct does not warrant reversal unless "the prosecutor's misconduct was flagrant enough to influence the jury to convict on grounds other than the evidence presented." United States v. Lowder, 5 F.3d 467, 473 (10th Cir.1993).
 
 
 4
 We agree with Defendant that the prosecutor's statement concerning the sale of marijuana in bulk was improper given the lack of any evidence to support this statement. However, we conclude the statement was harmless error. The prosecutor's statement arose during a few brief moments in a trial that lasted four days. Moreover, the district court instructed the jury both before and after closing arguments that the arguments of the lawyers did not constitute evidence in the case. The court also instructed the jury that if their own recollections of the evidence was different than that mentioned by the lawyers in closing, then the jury must rely on their own recollections. The court further instructed the jury that Defendant was only on trial for the acts alleged in the indictment, not for any other acts or conduct. Finally, the record includes ample evidence from which the jury could conclude Defendant was guilty of the offense charged. Under these circumstances, reversal of Defendant's conviction is not warranted.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Neither party requested oral argument. The case therefore is ordered submitted on the briefs